BENNETT *v.* BALL.

1. HUSBAND AND WIFE—APPEAL AND ERROR.

In a suit by a husband, by his next friend, against his wife to recover money obtained by fraud, where defendant's answer was filed after the husband's death and an order of revivor in the name of the executrix of his will had been made, and the case was heard without objection, the Supreme Court will not consider, on appeal, whether the bill as originally filed could have been maintained had it been attacked on the ground that a husband may not bring suit against his wife, since the executrix might have filed a bill containing the allegations and praying for the relief granted.[1]

2. SAME—FRAUD—INSANE PERSONS.

Where, in such suit, it appeared that defendant secured a transfer of the money at a time when she was claiming that her husband was *non compos mentis*, and it was apparent that he had no intention of giving her outright the money he then had, a decree for plaintiff was justified.[2]

Appeal from Wayne; Miller (Guy A.), J. Submitted April 9, 1925. (Docket No. 44.) Decided May 14, 1925.

Bill by Florence Ball Bennett, executrix of the last will of William Ball, deceased, against Catherine Ball and another to set aside a transfer of a bank account. From a decree for plaintiff, defendant Ball appeals. Affirmed.

*Harry M. Stone* and *Arthur A. Ude,* for plaintiff.

*Barbour & Martin,* for appellant.

SHARPE, J. William Ball and the defendant

---

[1]Appeal and Error, 3 C. J. § 664; [2]Husband and Wife, 30 C. J. § 261.

Catherine Ball were married on July 22, 1920. Both had been married before and had adult children. He was at that time suffering from Bright's disease. Three months later she made application to the probate court to have him adjudged insane. While it is claimed that she was advised to do so by Dr. Anderson, he was not called as a witness. In the petition, verified by her, she averred that he had no estate. He at that time had $520 on deposit in the defendant bank, and was receiving $38 monthly from payments on a land contract which he had assigned to the bank for collection.

Pending the hearing on the petition, she obtained his signature to a check on the bank account and redeposited the money to her credit. Neither his daughter, the plaintiff, who lived in Marquette, nor his son, who lived in California, were notified of the proceeding. On the hearing he was adjudged insane and ordered committed to Eloise hospital. He was, however, placed in a private sanitarium, the expense of his maintenance there having been paid by defendant.

On November 10th following, the plaintiff, having learned of his commitment, came to Detroit and filed a petition for a rehearing in the probate court. It was granted and resulted in his discharge. Pending the hearing on this petition, plaintiff was appointed his next friend and filed the bill of complaint herein, alleging that defendant had secured her husband's signature to the check by fraud, and praying that the transfer be canceled and the moneys returned to him. An injunction was issued restraining the bank from making further payments to her.

On Mr. Ball's discharge, he was taken by plaintiff to her home, where he died a few months later. While there, he made a will, in which plaintiff was named executrix. It was admitted to probate in Marquette

county.    Soon thereafter, this suit was revived in
her name as executrix.

After hearing, the trial court granted a decree
ordering the payment of the money remaining in the
bank to plaintiff and the payment by defendant to
plaintiff of $17.47, which he found had been illegally
withdrawn by her.    From this decree Mrs. Ball
appeals.

1. It is urged that the suit so begun would not lie;
that a husband may not bring suit against his wife.
The answer of Mr. Ball was not filed until after the
order of revivor was made.    The hearing was had
without objection that the defendant was not properly
in court.    As plaintiff, after her appointment as ex-
ecutrix, might have filed a bill containing the allega-
tions and praying for the relief granted, we decline
to consider whether the bill as originally filed could
have been maintained had it been attacked.

2. Upon the merits it seems clear that the decree
was justified.    Mrs. Ball secured the transfer of her
husband's bank account from him at a time when she
was claiming that he was *non compos mentis.*    It is
apparent that he had no intention of giving her out-
right the money he then had, well knowing that he
was unable to earn more.    The plaintiff as executrix
is clearly entitled to that remaining in the bank.    The
item of $17.47 is not discussed by counsel, so we do
not consider it.

The decree is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE,
FELLOWS, and WIEST, JJ., concurred.